UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re CHEMED CORP. SECURITIES LITIGATION ) ) ) ) This Document Relates To: ) ) ALL ACTIONS. ) ) ) | No. 1:12-cv-00028-MRB<br><br>CLASS ACTION<br><br>Judge Michael R. Barrett |

**LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF RECENT DEVELOPMENTS IN FURTHER SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Lead Plaintiffs Electrical Workers Pension Fund, Local 103, I.B.E.W. and Greater Pennsylvania Carpenters Pension Fund ("Lead Plaintiffs" or "Plaintiffs") respectfully submit this Response to Defendants'[1] Notice of Recent Developments in Further Support of Defendants' Motions to Dismiss Plaintiffs' Amended Complaint.[2] During the five month period that Defendants' motion to dismiss has been pending, a number of developments have occurred, including the filing of a False Claim Act ("FCA") complaint by the Department of Justice (DOJ") against Chemed Corporation ("Chemed") and a number of its VITAS subsidiaries, the DOJ's notice of intervention in one *qui tam* case pending against Chemed, and motions to intervene and transfer filed by the DOJ in two additional *qui tam* cases. The allegations in the DOJ's complaint along with those contained in the underlying *qui tam* actions collectively provide additional evidence and support for the veracity and plausibility of Plaintiffs'

---

[1] The Defendants in this action are Chemed Corporation, Kevin McNamara, David Williams and Timothy O'Toole (collectively, "Defendants").
[2] References to "Complaint" are to Plaintiffs' Amended Complaint filed on June 18, 2012.

allegations, including Plaintiffs' claims that Defendants acted with the requisite scienter and that Defendants' conduct caused Plaintiffs' losses.

Defendants argue that the filing of the DOJ complaint is "irrelevant" to Plaintiffs' pending claims and that the voluntary dismissal of one of the four *qui tam* cases, the *Rehfeldt* complaint, "precludes" Plaintiffs from demonstrating loss causation or showing that Defendants acted with the requisite scienter. As demonstrated below, the allegations in the DOJ complaint and the *qui tam* cases are not only relevant, they are wholly consistent with Plaintiffs' claims that Chemed engaged in a fraud to circumvent Medicare rules and regulations, that Defendants knew about the fraud, and that disclosure of the widespread nature of the DOJ's investigation which led to the filing of the DOJ complaint caused Plaintiffs' losses. These new developments should be considered by the Court in deciding Defendants' pending motion to dismiss.

In the interest of judicial economy, Plaintiffs intend to file a motion seeking leave to file a Second Amended Complaint (attaching a copy of a proposed Second Amended Complaint) no later than June 7, 2013. The Second Amended Complaint will include new information Plaintiffs have obtained since briefing was completed on Defendants' motion to dismiss. For purposes of Defendants' pending motion, however, it is clear that these new developments are relevant and support Plaintiffs' claims.

## I. PROCEDURAL BACKGROUND

On June 18, 2012, Lead Plaintiffs filed their Complaint against Defendants alleging that investors who purchased Chemed common stock between February 15, 2010 and November 16, 2011 did so at stock prices artificially inflated by Defendants' misrepresentations regarding the Company's VITAS division, including, among other things, its alleged compliance with Medicare and Medicaid rules and regulations.

Defendants moved to dismiss the Complaint on August 17, 2012. Lead Plaintiffs responded to Defendants' motion on October 16, 2012, and Defendants filed their Reply on November 26, 2012. Defendants' motion to dismiss remains pending.

## II. RECENT DEVELOPMENTS SUPPORT LEAD PLAINTIFFS' ALLEGATIONS

The Class Period set forth in the Complaint ended on November 16, 2011, with publication of an article by *Bloomberg News* reporting that the DOJ was involved in an investigation of a widespread, "extensive scheme" by VITAS to defraud Medicare and Medicaid out of "hundreds of millions of dollars" by falsifying records and hospice qualifications. The *Bloomberg News* report also disclosed that a former VITAS general manager (Rehfeldt) charged VITAS and its highest level managers with a scheme to circumvent Medicare rules and regulations by enrolling patients into hospice care who did not qualify under Medicare guidelines.

The Department of Justice has now concluded its investigation and on May 2, 2013, filed a civil suit in federal court in the Western District of Missouri. *See* Plaintiffs' Notice of Litigation Recently Filed by United States Department of Justice, Ex. 1. In its complaint, the government charges VITAS and Chemed with defrauding the government by circumventing Medicare and Medicaid rules and regulations by admitting into hospice care patients who were not terminally ill and by providing care at levels not warranted.[3] The DOJ cited regular internal audits or program reviews which informed VITAS and Chemed management of these violations.

---

[3] "Specifically, the United States alleges that, since at least 2002, Vitas, and since at least 2004 Chemed (after acquiring Vitas), submitted or caused the submission of false claims to the Medicare program by both (a) billing Medicare for more costly crisis care services when certain patients did not need crisis care services or when Vitas, in fact, did not provide such services, or Vitas provided inappropriate medical care; and (b) admitting certain patients who were not eligible to receive hospice services (instead of curative care), because the patients did not have a life expectancy of six months or less if their illnesses ran their normal course. Chemed and Vitas also submitted or caused to be submitted fraudulent records and statements in support of their false claims for payment to the Medicare Program." DOJ complaint at ¶9.

3

(DOJ complaint ¶69).  The DOJ cited numerous, specific examples of fraudulently filed "continuous care" and "ineligible patient" claims for reimbursement from Medicare.

Prior to the filing of the DOJ complaint, four separate *qui tam* complaints were filed by employees of Chemed raising substantially similar claims.  The first *qui tam* complaint was filed in the Northern District of Illinois in August, 2007.  There, the relator described a scheme in which VITAS submitted false or fraudulent claims to Medicare for hospice care.  This complaint was unsealed on May 15, 2012, but Defendants did not disclose details of the allegations until Chemed filed its Form 10-Q on November 2, 2012.  The government has now moved to intervene in this action and has asked to have it transferred to the Western District of Missouri.

A second *qui tam* complaint was filed in August, 2008, in the Western District of Texas, alleging that VITAS violated the FCA when it knowingly submitted or caused to be submitted, false or fraudulent claims.  Defendants also disclosed details of this complaint in its Form 10-Q filed on November 2, 2012, including the following:

> The complaint asserts violations of the federal False Claims Act and the Texas Medicaid Fraud Prevention Act based on allegations of a conspiracy to submit to Medicare and Medicaid false claims involving hospice services for ineligible patients, unnecessary medical supplies, failing to satisfy certain prerequisites for payment, and altering patient records, including backdating patient revocations.  The suit was brought by Barbara Urick, a registered nurse in VITAS's San Antonio program, against VITAS, certain of its affiliates, and several former VITAS employees, including physicians Justo Cisneros and Antonio Cavasos and nurses Sally Schwenk, Diane Anest, and Edith Reed.

The relator has now served the complaint and Defendants must answer by June 5, 2013.  The government has moved to intervene in this case and have it transferred to the Western District of Missouri.

A third *qui tam* complaint was filed on January 30, 2009 in the Northern District of Texas.  This is the *Rehfeldt* complaint.  In an article entitled "Whistle-blower drops suit against

4

hospice company" published by Patrick Danner on April 16, 2013 on the "My San Antonio" homepage,[4] Rehfeldt, through his attorney, stated: "We stand by every allegation in that complaint, and we look forward to those allegations coming to light." As the article explains, "[u]nder provisions of the federal False Claims Act, a whistle-blower is barred from bringing a claim if the same allegations already have been made in another lawsuit." Because two *qui tam* complaints were filed before Rehfeldt's complaint, alleging substantially the same fraudulent conduct by VITAS, the allegations contained in Rehfeldt's complaint were already covered.

A fourth *qui tam* complaint was filed on January 31, 2012 in the Central District of California, but it was transferred to the Western District of Missouri on April 5, 2013. On May 2, 2013, the DOJ filed a notice of intervention in this case. While the government's motions to intervene in the first and second *qui tam* cases are pending, it is moving forward on behalf of the relator in the fourth *qui tam* action.

## III. THE DOJ'S COMPLAINT IS RELEVANT TO PLAINTIFFS' CLAIMS

In their recent filing, Defendants claim that the filing of the DOJ complaint is "irrelevant" to the pending litigation because there is only one common defendant (Chemed) and because the allegations in the DOJ complaint do not "prove" any of Plaintiffs' allegations. Of course, at the pleading stage, Plaintiffs do not have to "prove" their claims. At the pleading stage, Plaintiffs need only present enough facts to state a claim for relief that is "plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007); *Williams v. Boston Sci. Corp.*, 2013 U.S. Dist. LEXIS 43427 *9 (N.D. Ohio Mar. 27, 2013).

While it is true that Plaintiffs' claims are brought on behalf of investors in Chemed stock pursuant to provisions of the federal securities laws while the government's claims are brought on behalf of the government and, going forward, whistle-blowers under the FCA, both

---

[4] http://www.mysanantonio.com/business/article/Whistle-blower-drops-suit-against-hospice-company-4442855.php

5

complaints are premised on the underlying claim that VITAS, and Chemed, since at least 2004, admitted patients for hospice care who were not eligible under Medicare guidelines and provided services beyond which were required, while billing Medicare for these services with fraudulent records and statements to support these requests for payment. Both Chemed investors and the government allege that this fraud was widespread, not unique to a particular VITAS facility or program.

In a remarkably similar securities case involving allegations that Defendants misled investors about their compliance with a federal statute (antitrust) and failed to disclose these violations, plaintiffs' claims were sustained upon a finding that the totality of the allegations, including CW allegations of wrongdoing, a *qui tam* complaint making similar claims, and a related ongoing DOJ investigation, satisfied the "plausibility" pleading standards for a claim brought under Section 10(b). *See Chamberlin v. Reddy Ice Holdings, Inc.*, 757 F. Supp. 2d 683, 706 (E.D. Mich. 2010). The same analysis and conclusion is appropriate here.

**IV. THE FILING OF THE DOJ COMPLAINT AND THE ALLEGATIONS CONTAINED IN THE REHFELDT COMPLAINT SUPPORT PLAINTIFFS' CLAIMS THAT THEIR LOSSES WERE CAUSED BY DEFENDANTS' FRAUD AND THAT DEFENDANTS ACTED WITH THE REQUISITE SCIENTER**

In their Complaint, Plaintiffs allege that Defendants' revenue and earnings during the proposed class period were inflated as a result of Defendants' reported increases in hospice care admission growth, growth that Defendants claimed occurred while complying with Medicare and Medicaid rules and regulations. (Complaint ¶¶ 141-42). Plaintiffs also allege that Defendants were aware of the scheme to circumvent Medicare's rules and regulations and in fact encouraged it. (*See* Plaintiffs' Opp. to Defendants' Mot. To Dismiss, pp. 17-26).

When *Bloomberg News* disclosed the substance of the allegations contained in the Rehfeldt *qui tam* complaint and the ongoing investigations of VITAS by the DOJ and the Texas

6

Attorney General's office of an "extensive scheme" to defraud Medicare and Medicaid of "hundreds or millions of dollars" by falsifying records and hospice certifications, the market reacted and Chemed's stock price dropped immediately and precipitously.

Defendants do not contest the impact of disclosure of the investigation by the DOJ upon Chemed's stock price when it was disclosed in the *Bloomberg News* article. Instead, Defendants pierce out the disclosure of the *Rehfeldt* complaint, and argue that Rehfeldt's decision to voluntarily dismiss his claims "forecloses" any argument that this disclosure played a part in causing Plaintiffs' losses.

In support, Defendants cite *Nelson v. Napolitano*, 657 F.3d 586, 587-88 (7th Cir 2011) for the proposition that a complaint that has been voluntarily dismissed is treated "as if it has never been filed." The *Nelson* action involved the voluntary dismissal of a complaint and the impact of that dismissal on the filing of a new complaint. The court ruled that the voluntary dismissal did not bar plaintiff from filing a new complaint, but it did not toll the statute of limitations for doing so either. Nowhere in this procedural ruling did the court opine that the substance of the allegations contained in the initial complaint were moot and could not be considered in a subsequent filing.

Notwithstanding, Defendants cite *Nelson* for the proposition that the court should view the *Rehfeldt* complaint as if it were never filed, and accordingly, disclosure of its allegations are meaningless and cannot not give rise to Plaintiffs' losses or support a claim that Defendants acted with the requisite scienter. The *Nelson* ruling, procedural in nature, has no application under the circumstances present here.

Here, disclosure by Bloomberg of the details of what Rehfeldt alleged, combined with the disclosure of the DOJ investigation, cast significant and additional doubt as to the veracity of

7

Defendants' statements that Chemed's rise in revenue and earnings occurred while complying with Medicare's rules and regulations, and the market reacted accordingly. While Rehfeldt has withdrawn his complaint, his claims will still be brought by the DOJ and by the other *qui tam* relators. Moreover, Rehfeldt continues to stand by his claims.[5] Thus, it is entirely appropriate for the Court to consider the impact of the disclosure of Rehfeldt's allegations as part of its analysis of loss causation and scienter in this case.

### V.  IN THE INTEREST OF JUDICIAL ECONOMY, PLAINTIFFS WILL MOVE TO AMEND THE COMPLAINT EXPEDITIOUSLY

Plaintiffs have begun the process of analyzing the four *qui tam* complaints, the DOJ complaint, additional disclosures of investigations by state authorities contained in Chemed's SEC filings, along with information provided by former employees of Chemed who have communicated with Plaintiffs' counsel after the filing of the Complaint. Plaintiffs have also begun the process of drafting a Second Amended Complaint, to incorporate this new information. Plaintiffs believe that the filing of a Second Amended Complaint, incorporating this new information, will serve the interests of judicial economy and as such, request that the Court defer further consideration of Defendants' pending motion to dismiss. Plaintiffs will file a Motion to Amend the Complaint, attaching a copy of a proposed Second Amended Complaint on or before June 7, 2013. Defendants have already stated that they will not stipulate to its filing.

DATED:  May 15, 2013

---

[5] *See* http://www.mysanantonio.com/business/article/Whistle-blower-drops-suit-against-hospice-company-4442855.php

Respectfully submitted,

GOLDENBERG SCHNEIDER, LPA
JEFFREY S. GOLDENBERG (0063771)


*/s/ Jeffrey S. Goldenberg*
JEFFREY S. GOLDENBERG

One West Fourth Street, 18th Floor
Cincinnati, OH  45202
Telephone:  513/345-8297
513/345-8294 (fax)
E-mail:  jgoldenberg@gs-legal.com

*Liaison Counsel*

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
EVAN J. KAUFMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
E-mail:  srudman@rgrdlaw.com
E-mail:  ekaufman@rgrdlaw.com

LABATON SUCHAROW LLP
JONATHAN GARDNER
MARK S. GOLDMAN
CAROL C. VILLEGAS
140 Broadway, 34th Floor
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
E-mail:  jgardner@labaton.com
E-mail:  mgoldman@labaton.com
E-mail:  cvillegas@labaton.com

*Co-Lead Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 15, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                             s/ Jeffrey S. Goldenberg