UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re CHEMED CORP. SECURITIES LITIGATION | No. 1:12-cv-00028-MRB<br>Judge Michael R. Barrett |

**DEFENDANTS' OPPOSITION TO LEAD PLAINTIFFS' MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT**

Defendants Chemed Corporation ("Chemed"), Kevin McNamara, David Williams and Timothy O'Toole (collectively "Defendants") respectfully submit this memorandum of law in opposition to Lead Plaintiffs' Motion for Leave to File [Proposed] Second Amended Complaint.

**PRELIMINARY STATEMENT**

Plaintiffs filed their initial Complaint in this action on January 12, 2012. Plaintiffs filed their Amended Complaint – the operative pleading in this action – six months later, on June 18, 2012. As a result of that schedule, Plaintiffs were afforded ample time to investigate and plead their claims fully, before filing the complaint that would then become the operative pleading for purposes of Defendants' motions to dismiss. Plaintiffs took full advantage of the lengthy time period for repleading afforded them under that schedule – Plaintiffs' allegations expanded from 68 paragraphs in their initial Complaint to 173 paragraphs in their Amended Complaint, and Plaintiffs also added the allegations of 14 so-called "Confidential Witnesses" into their amended pleading.

In accordance with the schedule ordered by the Court, Defendants then filed motions to dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA"). Those motions are now fully briefed, and Defendants respectfully submit that they provide ample reason why Plaintiffs' claims should be dismissed in their entirety against all Defendants. Confronted with the strength of those motions–which identify and address fundamental defects in Plaintiffs' case–Plaintiffs now wish to wipe the slate clean and do it all again. Rather than permit resolution of their claims on the present fully briefed record, Plaintiffs now ask the Court to grant them (again) leave to amend their pleading–almost a year after their Amended Complaint was filed–based on the recent filing of another lawsuit against Chemed containing unproven allegations relating to the same issues that Plaintiffs already have had ample time to investigate and already purport to have pled sufficiently in their Amended Complaint.

Defendants respectfully submit that Plaintiffs' motion for leave to amend their pleading is little more than an attempt to avoid this Court ruling on the present motions to dismiss, which otherwise may–and Defendants believe should–dispose of this case. That should not be allowed. Permitting Plaintiffs to re-plead, again, at this stage will not only significantly delay resolution of this action–essentially restarting the procedural clock one year later–but will prejudice Defendants by rendering moot the substantial cost, time and effort expended to prepare the pending motions to dismiss Plaintiffs' Amended Complaint.

## ARGUMENT

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party must obtain leave of the Court to amend its pleading more than 21 days after service. Fed. R. Civ. P. 15(a)(2). While leave to amend is freely granted, it should be denied when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

2

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment". Foman v. Davis, 371 U.S. 178, 182 (1962).

The threshold standard for permitting repleading is heightened in cases, such as this one, subject to the PSLRA. In cases arising under the PSLRA, the Sixth Circuit has stated that the PSLRA's heightened pleading standard would be "meaningless if judges on a case-by-case basis grant[ed] leave to amend numerous times". Miller v. Champion Enters. Inc., 346 F.3d 660, 691 (6th Cir. 2003) (internal quotation marks omitted). For that reason, Plaintiffs cannot "amend and amend until they [get] it right". Id. at 690 (noting the PSLRA's policy of "prevent[ing] harassing strike suits filed the moment a company's stock price falls" (internal quotation marks omitted)).

Under these heightened standards, Plaintiffs' motion to amend their complaint a second time should be denied. First, as noted above, Plaintiffs had ample opportunity to fully investigate their claims against Defendants before filing their Amended Complaint in June 2012. Under the schedule ordered by the Court, Plaintiffs were permitted six months to investigate and replead their claims between filing their initial complaint on January 12, 2012, and their Amended Complaint on June 18, 2012. Plaintiffs took advantage of that opportunity; they added 105 paragraphs to their amended pleading, including allegations from 14 so-called "Confidential Witnesses". Plaintiffs cannot claim that they somehow had inadequate opportunity to investigate their claims a year ago.[1] Consequently, they should not be permitted simply to amend and

---

[1] Plaintiffs concede that the "core allegations" of their Proposed Second Amended Complaint are the same as in their Amended Complaint. See Mem. of Law in Support of Lead Pls.' Mot. for Leave to File [Proposed] Second Am. Compl. 7, June 7, 2013, ECF No. 47-1. According to Plaintiffs, "[n]o new parties were added to the PSAC, no new claims were asserted, and the Class Period covered by the PSAC did not change." Id. at 3. While Defendants believe the Amended Complaint should be dismissed for the reasons stated in their Motions to Dismiss (Defs.' Mem. of Law in Support of Their Mots. to Dismiss Pls.' Am. Compl., Aug. 17, 2012, ECF No. 39; Defs.' Mem. of Law in Further Support of Their Mots. to Dismiss Pls.' Am. Compl., Nov. 26, 2012, ECF No. 43), considering that

amend their operative pleading, in the face of a fully briefed motion to dismiss, until they think they got it right. *See Miller*, 346 F.3d at 690; *see also PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699-701 (6th Cir. 2004) (noting heightened standard under the PSLRA).

Second, granting Plaintiffs leave to file a third complaint before considering Defendants' pending motions to dismiss will render moot the substantial time, effort and expense that Defendants have spent challenging a complaint that Defendants believe – and indeed have shown through their brief – to be legally defective. If Plaintiffs' present motion is granted, the legal sufficiency of that Amended Complaint will never be subject to scrutiny by the Court. Defendants respectfully submit that the Court should not permit Plaintiffs to treat their Amended Complaint and Defendants' fully briefed motions to dismiss as meaningless, and to waste the parties' and the Court's resources by simply starting over.

Third, permitting Plaintiffs to amend their complaint again will significantly delay resolution of Plaintiffs' claims. *See generally Union Oil Co. of Cal. v. Prof'l Realty Invs.*, No. 94-2021, 1995 U.S. App. LEXIS 37037, at *40 (6th Cir. Dec. 5, 1995) (noting that leave causes prejudice when "trial is significantly delayed"). A new complaint would essentially delay this action by a year, turning back the procedural clock to June 2012, when Plaintiffs filed their Amended Complaint.

In sum, Plaintiffs' motion appears to be a strategic maneuver to avoid Defendants' fully briefed motions to dismiss. For the reasons stated in those motions,

---

Plaintiffs have argued emphatically that the Amended Complaint adequately pleads the same claims against the same Defendants covering the same putative Class Period covered by the new proposed amendment (Pls.' Opp'n to Defs.' Mot. to Dismiss the Am. Compl., Oct. 16, 2002, ECF No. 40), they should not now be heard to argue that they need an additional opportunity to improve upon their pleading. *See Cole v. Harris*, 444 F. App'x 888, 888-89 (6th Cir. 2012) (affirming the district court, which had "denied the plaintiffs an opportunity to further amend their complaint because they had already argued – in response to both motions to dismiss for lack of particularity – that the complaint was fine as written and no amendment was necessary").

Defendants respectfully submit that this action is without merit and should be dismissed. Requiring Defendants to re-brief motions to dismiss will prejudice Defendants' litigation efforts to date and unnecessarily delay resolution of this action. Plaintiffs should not be permitted to do so a year after they filed a complaint that they had a full six months to investigate and prepare.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File [Proposed] Second Amended Complaint.

Dated: July 1, 2013

DINSMORE & SHOHL LLP

By   s/ Brian S. Sullivan
    Brian S. Sullivan (0040219)
    Member of the Firm

255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200
brian.sullivan@dinsmore.com

*Trial Attorney for Defendants*

Timothy G. Cameron
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1120
tcameron@cravath.com

*Attorney for Defendants*
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been duly served upon All Counsel of Record by the Court's CM/ECF Electronic Filing System this 1st day of July, 2013.

                                              s/ Brian S. Sullivan