UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| In re CHEMED CORP. SECURITIES LITIGATION | ) ) ) | No. 1:12-cv-00028-MRB <u>CLASS ACTION</u> |
| This Document Relates To: ALL ACTIONS. | ) ) ) ) ) | Judge Michael R. Barrett |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFFS' MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

Lead Plaintiffs Electrical Workers Pension Fund, Local 103, I.B.E.W. and Greater Pennsylvania Carpenters Pension Fund ("Lead Plaintiffs" or "Plaintiffs") respectfully submit this reply memorandum of law in further support of their motion for leave to file [Proposed] Second Amended Complaint (the "PSAC"), pursuant to Federal Rule of Civil Procedure 15(a)(2). For the reasons set forth below and in their prior submissions, Lead Plaintiffs respectfully submit that the filing of the PSAC would be neither futile nor prejudicial to Chemed Corporation ("Chemed" or the "Company") and the Individual Defendants (collectively, "Defendants"), and request that the Court grant Plaintiffs' motion for leave to file the PSAC.

## I. PRELIMINARY STATEMENT

Defendants implicitly concede that the Court should grant Plaintiffs leave to file the PSAC. By tacitly choosing to ignore the main focus and driving force behind Plaintiffs' motion to file the PSAC, namely, the filing of the DOJ Complaint[1] and the newly discovered facts contained therein, Defendants acknowledge that Plaintiffs' motion is neither futile nor the product of bad faith. Defendants do not dispute that the additional facts contained in the PSAC concerning Defendants' knowledge and scienter were only revealed after Plaintiffs had filed the AC. These additional facts relate to events that transpired during the Class Period and Defendants do not contend that these facts could have been discovered sooner. Plaintiffs have also added information provided by former employees of the Company, which supports Chemed's liability here. Recognizing that Plaintiffs' motion adequately satisfies the liberal standards set forth in Rule 15 of the Federal Rule of Civil Procedure ("Fed R. Civ. P."), Defendants do not distinguish *a single case* cited in Plaintiffs' opening papers. In fact, Defendants fail to challenge the sufficiency of the PSAC with respect to any of the additional facts, including facts: (i) gleaned from the DOJ Complaint; (ii) revealed to Plaintiffs by

---

[1] All capitalized terms have the same meaning as the terms used in Plaintiffs' opening brief.

- 1 -

confidential witnesses; and (iii) pertaining to Chemed's November 2, 2012 disclosure concerning the investigative subpoena from the Florida Attorney General, the unsealed *qui tam* complaints, and a September 2012 administrative subpoena from the OIG.

Rather, what Defendants do assert in their opposition papers are unsupported arguments that the Court should summarily reject. Defendants first argue that Plaintiffs had an opportunity to include the newly discovered facts from the DOJ Complaint in the AC and fault Plaintiffs for not discovering the facts sooner. *See* Def. Mem. at 3-4.[2] This is not the case as many of the facts contained in the PSAC were derived from the DOJ Complaint, which was only recently filed, and which contained facts discovered after a thorough investigation using subpoena powers specifically granted by statute to the DOJ and not afforded to Plaintiffs.

Defendants also argue that the filing of the PSAC will somehow "waste the parties' and the Court's resources. . . ." Def. Mem. at 4. The opposite is true, as the filing of the PSAC will preserve the Court's resources and save the Court time from having to rehear the issues raised in Defendants' motions to dismiss.

Finally, Defendants' argument that the action will be "significantly delayed" should the Court permit the filing of the PSAC is a red herring, as the law in the Sixth Circuit is clear that "'delay by itself is not sufficient to deny a motion to amend.'" *See, e.g.*, *Union Oil Co. v. Prof'l Realty Invs.*, No. 94-2021, 1995 U.S. App. LEXIS 37037, at *40 (6th Cir. Dec. 5, 1995).

Plaintiffs here did not file their motion for leave to amend as "a strategic maneuver to avoid Defendants' fully briefed motions to dismiss." Def. Mem. at 4. Plaintiffs will not be avoiding any motions to dismiss if this motion is granted as Defendants will likely seek to move to dismiss the PSAC after its filing. Plaintiffs seek leave to file the PSAC to include new facts uncovered in the DOJ Complaint and additional facts provided by confidential witnesses that

---

[2] "Def. Mem. at __" refers to citations to Defendants' Opposition to Lead Plaintiffs' Motion for Leave to File [Proposed] Second Amended Complaint, Doc. No. 48, filed on July 1, 2013.

- 2 -

bolster Plaintiffs' claims and address any purported deficiencies raised by Defendants in their motions to dismiss the AC. The requested amendment will not prejudice any of the Defendants and is not the result of bad faith.

Accordingly, Plaintiffs respectfully request that the Court permit Plaintiffs to file the PSAC.

## II. ARGUMENT

### A. Plaintiffs' Motion Satisfies the Sixth Circuit's Liberal Policy Permitting Amendments

As discussed more fully in Plaintiffs' opening papers, Plaintiffs' motion for leave to amend satisfies the Sixth Circuit's "'liberal policy of permitting amendments to ensure the determination of claims on their merits.'" *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (citations omitted).

Indeed, Plaintiffs' pleading is not futile and Plaintiffs are confident that Defendants will not be successful on their motions to dismiss.[3] *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Friedman v. Castle Aviation*, No. 09-cv-749, 2011 U.S. Dist. LEXIS 53117, at *6 (S.D. Ohio May 17, 2011). Moreover, Plaintiffs are timely seeking leave to amend and have not acted in bad faith as the motion to amend was filed within weeks of the filing of the DOJ Complaint. In *Sykes v. First South Utility Construction, Inc.*, No. 3:05-0658, 2006 WL 2792195, at *4 (M.D. Tenn. Sept. 25, 2006), the court reversed the magistrate judge's decision to deny plaintiffs' motion to amend finding "that the interests of justice requires the Court to allow Plaintiff to amend her Complaint to add additional factual allegations of retaliation" uncovered during discovery since, like in this

---

[3] Plaintiffs do not concede that the AC is in any way legally deficient. *See* Def. Mem. at 3, n. 1. Rather, the new allegations contained in the PSAC provide additional information and new facts which confirm Defendants' knowledge of, and reckless disregard of, the falsity of their public statements during the Class Period. These additional allegations will enable the Court to determine this case on the merits and on a full record, not upon the fortuity of when material information became publicly available.

case, "the record before the Court indicates that Plaintiff filed her Motion to Amend (Docket No. 29) within days of discovery of the additional factual allegations related to Plaintiff's [claim]." *See also Clark v. Bucyrus Int'l*, No. CIV.A. 5:08-434-JMH, 2010 WL 996471 (E.D. Ky. Mar. 17, 2010) (granting plaintiffs motion to amend where new facts were later discovered and new facts arose out of the same occurrence set forth in the previously filed complaint); *Pesta v. CBS, Inc.*, 686 F. Supp. 166, 170 (E.D. Mich. 1988) (finding no prejudice to defendants and granting motion to amend where plaintiff sought to add newly discovered facts to amended complaint).[4]

Finally, Defendants will not suffer undue prejudice since: (i) the action is in its early stages; (ii) the PSAC does not assert a new theory of liability; and (iii) the filing of the PSAC will not "require the defendants to expend significant additional resources and will not result in a serious disruption of this case." *Gregg v. Ohio Dep't of Youth Servs.*, 661 F. Supp. 2d 842, 850 (S.D. Ohio 2009).

### B. Leave to Amend Should Be Granted to Include New Facts Which Were Uncovered by the DOJ and Made Available to Plaintiffs Only After Defendants' Motions to Dismiss Were Fully Briefed

Defendants contend that Plaintiffs seek leave to amend "based on the recent filing of another lawsuit against Chemed containing unproven <u>allegations</u>[5] relating to the same issues that Plaintiffs had ample time to investigate. . . ." Def. Mem. at 2 (emphasis in original). This argument, however, fails to recognize that: (i) the facts contained in the PSAC were newly discovered and were not available at the time Plaintiffs conducted their thorough factual investigation; (ii) the new facts were discovered by the United States Attorney General by way

---

[4]  It is important to note that newly discovered facts, such as those included in the PSAC, which could not be discovered beforehand, could serve as grounds for relief from even a final judgment. *See* Fed. R. Civ. P. 60(b)(2) ("the court may relieve a party. . . from a final judgment, order, or proceeding [due to] newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial. . . ").

[5]  Even ***allegations*** raised in another complaint can be considered by the court in deciding this motion to dismiss. *See In re Huffy Corp. Sec. Litig.*, 577 F. Supp. 2d 968 (S.D. Ohio 2008) (considering allegations set forth in complaint filed by trustee in corporation's bankruptcy in deciding a motion to dismiss a securities fraud suit).

of a DOJ investigation, which was conducted using unique statutory powers afforded to the DOJ, but not available to Plaintiffs at this stage of the litigation, and (iii) the facts based on interviews with former employees support the newly discovered evidence based on the DOJ Complaint.

The DOJ, unlike Lead Plaintiffs, is a governmental agency permitted pre-filing discovery. Pursuant to 31 U.S.C. §3733, the DOJ may, "before commencing a civil [false claims] proceeding . . . [serve] a civil investigative demand" upon any person who "may be in possession, custody, or control of any documentary material or information relevant to a false claims law." Indeed, the DOJ can serve investigative subpoenas seeking the production of documents and correspondence, written interrogatories, or oral testimony even "before commencing a civil [false claims] proceeding." *Id*. The DOJ used its subpoena power to conduct a thorough investigation of Chemed's hospice operations, and that investigation uncovered crucial details of the Company's misconduct. *See e.g.*, DOJ Complaint ¶60 (Docket No. 47-4) (citing internal correspondence letters between Vitas and Chemed); ¶88 (mentioning internal Vitas medical records). Unlike the DOJ, however, and because of the PSLRA stay of discovery, Plaintiffs were unable to conduct depositions, issue subpoenas and compel the production of the Company's and other non-parties' internal documents. 15 U.S.C. §78u-4.

Thus, Defendants' argument that Plaintiffs should not be permitted to file the PSAC to include new allegations gleaned from the DOJ's investigation, and supported by former employees of the Company, is lacking. Even if Plaintiffs did have the *opportunity* to discover the facts included in the DOJ Complaint for themselves, they did not have the *ability* to do so, as those facts were not discoverable until after Plaintiffs filed their AC.[6] Plaintiffs therefore do not, as Defendants contend, seek to "amend and amend . . . until they think they got it right." *See*

---

[6] It is important to reiterate that since Lead Plaintiff Electrical Workers Pension Fund, Local 103, I.B.E.W. never filed an original complaint in this action, the PSAC should be considered – as to them – the first amendment of its pleading.

Def. Mem. at 3-4.  Rather, Plaintiffs seek to file the PSAC, which includes newly discovered, material facts that, until recently, were beyond Plaintiffs' reach and corroborating factual support by former employees of Chemed.[7]

Defendants cite to *Miller v. Champion Enterprises, Inc.*, 346 F.3d 660 (6th Cir. 2003) to support their argument that "the threshold standard for permitting re-pleading is heightened in cases, such as this one, subject to the PSLRA." Def. Mem. at 3.  *Miller* is inapposite.  In *Miller*, plaintiff sought leave to file an amended pleading only after the court granted defendants' motion to dismiss.  Here, in contrast, Defendants' motions to dismiss are *sub judice*.  Moreover, the court in *Miller* rejected plaintiffs' motion to amend after considering the allegations in the amended pleading and finding that amendment would be futile since the allegations still did not give rise to a strong inference of scienter.  *Miller*, 346 F.3d at 690.  Defendants here provide little analysis in their opposition papers challenging the sufficiency of the PSAC's scienter allegations, and, more generally, do not challenge the sufficiency of any of the PSAC's allegations.  For the reasons set forth in Plaintiffs' opening papers and in their opposition to Defendants' motions to dismiss the AC, Plaintiffs adequately plead scienter and properly assert claims under Section 10(b) and 20(a) of the Exchange Act, and, therefore, amendment here would not be futile.[8]

---

[7] Defendants rely on *Cole v. Harris*, 444 F. App'x 888 (6th Cir. 2012) and argue that "[Plaintiffs] should not now be heard to argue that they need an additional opportunity to improve upon their pleading." Def. Mem. at 3-4, n. 1.  *Cole* is distinguishable and does not support the proposition advocated by Defendants.  In *Cole*, plaintiff sought leave to amend a complaint that was originally dismissed with prejudice.  The Court rejected plaintiff's motion because plaintiff stood on his complaint when he had a prior opportunity to amend.  Here, the Court has not yet decided Defendants' motions to dismiss and Plaintiffs are not seeking leave to amend based upon the dismissal of the complaint.  Moreover, the AC sufficiently pleaded securities fraud violations, and the new facts contained in the PSAC serve to bolster the allegations in the AC.  Finally, the court in *Cole* found that an amendment would be futile, as the new complaint would still not adequately satisfy the elements of the securities law claims asserted therein.

[8] The Court should not rule on the sufficiency of the PSAC until Defendants first file a motion to dismiss and only after the motion is fully briefed. *Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002) ("Moreover, we are reluctant to rule in the first instance on the sufficiency of the second amended complaint without complete briefing.").  In the event that the Court rules on Defendants' original motions to dismiss prior to issuing a ruling on this motion for leave to file the PSAC, and finds that the AC failed to allege fraud with particularity, the Court should still grant Plaintiffs leave to file the PSAC because, as the Sixth Circuit in *Morse* held, "[i]n the securities

### C. Granting Plaintiffs Leave to File the PSAC Will Conserve Judicial Resources

Defendants' argument that granting Plaintiffs' motion for leave to amend will waste the Court's resources and render moot the substantial time and effort that Defendants have expended challenging Plaintiffs' AC is unpersuasive. *See* Def. Mem. at 4; *see also Graves v. Mahoning Cnty.*, No. 4:10CV2821, 2011 U.S. Dist. LEXIS 93983, at *5 (N.D. Ohio Aug. 23, 2011) (while the motion to dismiss was fully pending, court decided "it [was] in the interest of the parties and judicial economy to allow plaintiffs to advance all of their…claims at this early stage of litigation").

*First*, Defendants do not offer support for this contention. *Second*, Defendants' argument concerning preservation of the Court's resources is backwards. *See* Def. Mem. at 4. In the event that the Court issues an opinion on Defendants' current motions to dismiss, and then grants Plaintiffs leave to amend, the Court will have to expend unnecessary resources to issue a second opinion following Defendants' second round of motion to dismiss papers. Granting leave to amend would conserve judicial resources and save the Court time from having to rehear the issues raised in Defendants' motions to dismiss. Therefore, the most efficient way to proceed is for the Court to grant Plaintiffs' motion for leave to file the PSAC, and only then, based on the full record, consider Defendants' motions to dismiss. In *OPW Fueling Components v. Works*, No. 1:06CV187, 2007 WL 1406956 (S.D. Ohio May 9, 2007) (Barrett, J.), for example, this Court granted a motion to amend under similar circumstances where plaintiffs sought to add information to their complaint to clarify and expand on their claims.

---

litigation context, leave to amend is particularly appropriate where the complaint does not allege fraud with particularity." 290 F.3d at 800.

*Third*, this Court should not deny Plaintiffs' motion because Defendants might need to expend additional resources briefing new arguments in response to the PSAC. *See Soroof Trading Dev. Co. v. GE Microgren, Inc.*, 283 F.R.D. 142, 153 (S.D.N.Y. 2012) ("'[a]llegations that an amendment will require the expenditure of some additional time, effort, or money'" are insufficient to deny leave to amend); *Hahn v. Domy Rooms, Inc*., No. 07 Civ. 8013 (FM), 2008 U.S. Dist. LEXIS 64151, at *5-7 (S.D.N.Y. Aug. 18, 2008). *Finally*, because Plaintiffs are merely seeking to include new facts in the PSAC and are not seeking to plead new claims or add new parties, Defendants' assertion that Plaintiffs are attempting to "simply start over" is without merit. Since the proposed amendments serve to supplement Plaintiffs' prior pleadings, Defendants cannot argue that they wasted significant time and effort, as Defendants will likely raise arguments similar to those already raised in their motions to dismiss. Therefore, the time and effort that Defendants spent briefing their motions to dismiss will not be rendered "meaningless."

### D. Delay Alone Is Not a Valid Reason to Deny a Motion to Amend

Defendants' final argument, that this Court should not grant leave to amend because it would cause "significantly delay," fares no better. Def. Mem. at 4. In support of their argument, Defendants "generally" cite to only one case, *Union Oil*. That case, however, supports the arguments raised by Plaintiffs and holds that "'delay by itself is not sufficient to deny a motion to amend.'" *Id.* at *40.

Even assuming *arguendo* that delay alone was a sufficient reason to deny a motion to amend, the *Union Oil* case is inapposite for several other reasons. Specifically, the motion to amend in *Union Oil* was filed "within two months of the trial date." *Id*. at *38. Discovery there was closed and an amendment would have required the court to reopen discovery and postpone the upcoming trial date*. Id*. at *39. Here, the litigation is in its preliminary stages, no discovery

has been taken (as it cannot pursuant to the PSLRA stay) and a trial date has not been set.  Courts in this Circuit routinely grant motions to amend – after a motion to dismiss has been fully briefed and pending, after the court has issued a ruling on the motion, and even after the case has gone into discovery.  *See, e.g.*, *In re Prebul Jeep, Inc.*, No. 09-10838, 2010 Bankr. LEXIS 2800 (Bankr. E.D. Tenn. Aug. 20, 2010) (granting motion to amend while motion to dismiss fully briefed and pending); *Graves,* 2011 WL 3703950, at *5 (same); *CUC Props., LLC v. 1680 Carillon, LLC*, No. 1:12CV71, 2012 WL 3023250, at *4 (S.D. Ohio July 24, 2012) (Barrett, J.) (no prejudice in amending complaint during discovery because discovery was not yet complete); *In re Imagepoint Inc.*, No. 09-31225, 2010 WL 3037436, at *9 (Bankr. E.D. Tenn. July 29, 2010) (same).

Moreover, in *Union Oil*, the moving party failed to timely raise the proposed new claims, thus, in denying leave to amend, the district court noted that the moving party's conduct [could not] "be shown to be excusable neglect." 1995 U.S. App. LEXIS, at *39.  Here, and as explained more fully in Plaintiffs' opening papers, Plaintiffs did not delay, immediately notified the Court of the DOJ complaint filing (Docket No. 44), and moved to amend within weeks of its filing. *See Dunbar v. Google, Inc*., No. 5:12-cv-003305-LHK, 2012 U.S. Dist. LEXIS 177058, at *44 (N.D. Cal. Dec. 12, 2012) (granting plaintiff's motion for leave to amend complaint where plaintiff filed amended complaint five months after discovering new information); *Buder v. Merrill Lynch*, *Pierce, Fenner & Smith Inc.*, 644 F.2d 690, 694 (8th Cir. 1981) (a delay of two and a half years between filing a complaint and a request for leave to amend is an insufficient reason for denying leave to amend).  Ultimately, "[a]lthough allowing the amended complaint might be inconvenient and cause Defendants delay in reviewing the specific factual allegations of the amended complaint, this burden is not undue.  'Delay by itself is not sufficient reason to deny a motion to amend.'"  *Clark*, 2010 U.S. Dist. LEXIS 24760, at *19-*20.

### III. CONCLUSION

For the reasons set forth above, and for the reasons discussed in Plaintiffs' opening papers, the Court should grant Plaintiffs' motion for leave to file the PSAC.

DATED: July 18, 2013

GOLDENBERG SCHNEIDER, LPA
JEFFREY S. GOLDENBERG (0063771)
TODD B. NAYLOR (0068388)

*/s/ Jeffrey S. Goldenberg*
JEFFREY S. GOLDENBERG

One West Fourth Street, 18th Floor
Cincinnati, OH 45202-3604
Telephone: 513/345-8297
513/345-8294 (fax)
E-mail: jgoldenberg@gs-legal.com
E-mail: tnaylor@gs-legal.com

*Liaison Counsel*

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
EVAN J. KAUFMAN
EDWARD Y. KROUB
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
E-mail: srudman@rgrdlaw.com
E-mail: ekaufman@rgrdlaw.com
E-mail: ekroub@rgrdlaw.com

LABATON SUCHAROW LLP
JONATHAN GARDNER
MARK S. GOLDMAN
CAROL C. VILLEGAS
140 Broadway, 34th Floor
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
E-mail: jgardner@labaton.com
E-mail: mgoldman@labaton.com
E-mail: cvillegas@labaton.com

*Co-Lead Counsel for Lead Plaintiffs*

- 11 -

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 18, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                          /s/ *Jeffrey S. Goldenberg*
                                          JEFFREY S. GOLDENBERG