# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re CHEMED CORP. SECURITIES LITIGATION | No. 1:12-cv-00028-MRB |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, on February 6, 2014, the parties to the above-captioned action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of claims asserted in the Action and in the Second Amended Complaint, dated February 6, 2014, (the "Complaint"), on the merits and with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meaning defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2014 that:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, as fair, reasonable and adequate, subject to further consideration at the Settlement Hearing described below.

2. Leave is granted, pursuant to Federal Rule of Civil Procedure 15(a)(2), for Plaintiffs to file a Second Amended Complaint in the form attached as Exhibit 4 to Exhibit A to

the Stipulation. That Second Amended Complaint shall henceforth, including for purposes of the Settlement, be the operative complaint in this Action. Plaintiffs shall file that Complaint within two (2) business days of this Order being so entered by the Court.

3. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby certified as a class action on behalf of all persons or entities that purchased or otherwise acquired Chemed Corporation ("Chemed") capital stock during the period from February 15, 2010 through May 2, 2013, inclusive (the "Class Period"), and who were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are: (i) the Defendants; (ii) the officers and directors of Chemed, at any point during the Class Period; (iii) members of the immediate family of each of the Individual Defendants and the officers and directors of Chemed, at any point during the Class Period; (iv) any entity in which Defendants have or had a controlling interest; and (v) the legal representatives, heirs, predecessors, successors or assigns of any such excluded party. Also excluded from the Settlement Class are any putative Settlement Class Members who validly and timely exclude themselves from the Settlement Class.

4. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (iv) Lead Plaintiffs and Co-Lead Counsel will fairly and adequately represent the interests of the Settlement Class; (v) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only

individual members of the Settlement Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, Lead Plaintiffs, Electrical Workers Pension Fund, Local 103, I.B.E.W., and Greater Pennsylvania Carpenters Pension Fund, are certified as Class Representatives and Co-Lead Counsel Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP are certified as Class Counsel.

6. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2014, at _____ for the following purposes:

   (a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

   (b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

   (c) to determine whether the Judgment as provided for under the Stipulation should be entered, dismissing the Complaint filed herein on the merits and with prejudice, and to determine whether the release by the Releasors of the Settled Claims, as set forth in the Stipulation, should be provided to the Releasees;

   (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

   (e) to consider Co-Lead Counsel's application for an award of attorneys' fees and expenses; and

3

    (f)  to rule upon such other matters at the Court may deem appropriate.

  7.  The Settlement Hearing may be adjourned by the Court without notice to the Settlement Class other than by an announcement of the adjournment at the scheduled time of the Settlement Hearing or at the scheduled time of any adjournment of the Settlement Hearing.  The Court may consider modifications of the Settlement (with the consent of Lead Plaintiffs and Defendants) without further notice to the Settlement Class.

  8.  The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter its Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether the Court has approved the Plan of Allocation or awarded attorneys' fees and expenses.

  9.  The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Hearing (the "Notice") and the Proof of Claim form, annexed hereto as Exhibits 1 and 2 respectively.

  10.  The Court approves the appointment of Gilardi & Co. as the Claims Administrator.  The Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before ten (10) business days after the date of entry of this Order (the "Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  In accordance with Paragraph 7 of the Stipulation, Chemed shall provide to the Claims Administrator, for the purpose of identifying and giving notice to the Settlement Class, information in electronic searchable format from Chemed's transfer records concerning the identity of potential Settlement

Class Members and their transactions in Chemed's capital stock during the Class Period. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased Chemed's capital stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed within seven (7) calendar days of their receipt of the Notice, (i) to provide the Claims Administrator with lists of the names and addresses of their beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim forms promptly to such identified beneficial owners; or (ii) to request additional copies of the Notice and Proof of Claim form from the Claims Administrator and to mail the Notice and Proof of Claim forms directly to beneficial owners within seven (7) calendar days of receipt of such copies. Nominee purchasers who elect to send the Notice and Proof of Claim forms to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was as directed. Additional copies of the Notice and Proof of Claim forms shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable and actual expense of sending the Notice and Proof of Claim forms to beneficial owners. Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim forms.

11. The Court approves the Publication Notice of the pendency of this class action and the proposed Settlement in substantially the form and content annexed hereto as Exhibit 3 and directs Co-Lead Counsel to cause the Publication Notice to be published in *Investor's Business Daily* and to be transmitted over *Business Wire* within fourteen (14) calendar days of

the Notice Date. Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Publication Notice.

12. The form and content of the notices, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) requirements of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13. In order to be entitled to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) To be valid, a properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2 and accompanied by all documents specified therein, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked or received no later than 120 calendar days from the Notice Date. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid), provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

6

(b) To be valid, the Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise ordered by the Court or allowed by Co-Lead Counsel in their discretion: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Co-Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims against all Releasees as provided in the Stipulation.

14. Any member of the Settlement Class who does not submit a Proof of Claim form in the manner stated in this Order, unless otherwise ordered by the Court or allowed by Co-Lead Counsel in their discretion, shall be deemed to have waived his, her or its right to share in the Net Settlement Fund, and shall forever be barred from sharing in the Net Settlement Fund. Any such Settlement Class Member, however, in all other respects shall be subject to and bound by

all of the terms of the Settlement, including the terms of the Stipulation and the Judgment and the releases provided for by the Stipulation and the Judgment, unless such Settlement Class Member has timely submitted a valid request to be excluded from the Settlement Class in the manner required by this Order.

15. Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Co-Lead Counsel.

16. Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request must mail the request in written form by first class mail to the address designated in the Notice such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing. Such request must clearly indicate the name, address and telephone number of the person seeking exclusion, must clearly indicate that the sender requests to be "excluded from the Settlement Class in the *In re Chemed Corporation Securities Litigation*, No. 12-cv-028 (S.D. Ohio)," and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), and corresponding price(s) and number(s) of shares, of all purchases and sales of Chemed capital stock during the Class Period.

17. Settlement Class Members who timely and validly exclude themselves from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

8

18. Co-Lead Counsel shall submit their papers in support of final approval of the Settlement, the proposed Plan of Allocation and their application for attorneys' fees and expenses no later than thirty-five (35) calendar days before the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

19. Any Settlement Class Member may be heard and/or appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why the Judgment should not be entered thereon; why the proposed Plan of Allocation should not be approved as fair, reasonable, and adequate; or why Co-Lead Counsel should not be awarded attorneys' fees and payments of expenses in the amounts sought by Co-Lead Counsel; *provided, however*, that no Settlement Class Member shall be heard or be entitled to contest the approval of the terms and conditions of the proposed Settlement, the Judgment to be entered, the proposed Plan of Allocation or Co-Lead Counsel's application for an award of attorneys' fees and payment of expenses, unless on or before twenty-one (21) calendar days before the Settlement Hearing, the Settlement Class Member has filed objections, papers and briefs (showing due proof of service upon all below-listed counsel) with the Clerk of the Court, United States District Court for the Southern District of Ohio, Potter Stewart United States Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202, and has served by hand or by first-class mail written objections and copies of any supporting papers and briefs (which must contain proof of purchase of Chemed capital stock during the Class Period) upon:

| | |
|---|---|
| Evan J. Kaufman<br>Robbins Geller Rudman & Dowd LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br><br>Jonathan Gardner<br>Labaton Sucharow LLP<br>140 Broadway, 34th Floor<br>New York, NY 10005<br><br>*Co-Lead Counsel* | Timothy G. Cameron<br>Cravath, Swaine & Moore LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br><br>*Counsel for Defendants* |

Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the proposed Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

20. Any Settlement Class Member who does not object to the Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's application for an award of attorneys' fees and expenses in the manner prescribed in this Order and in the Notice shall be deemed forever to have waived such objection and shall forever be barred from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application of Co-Lead Counsel for an award of attorneys' fees and expenses or from otherwise being heard concerning these subjects in this or any other proceeding.

21.  Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Settlement Class Members and Releasors, and each of them, and anyone who acts or purports to act on their behalf, are enjoined from initiating, continuing, filing or otherwise prosecuting any action which asserts any of the Settled Claims against any Releasees (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum between now and entry of the Judgment or termination of the Stipulation, whichever occurs earlier.  This stay and injunction is necessary to protect and effectuate the Stipulation, and the Settlement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Stipulation and to enter the Judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.  Pending the Settlement Hearing, the Court stays all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

22.  This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not constitute evidence, or an admission by any of the Defendants or the other Releasees, that any acts of wrongdoing have or have not been committed and shall not be deemed to create any inference that there is or is not any liability on the part of any of the Defendants or Releasees.  This Order, the Settlement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence against Plaintiffs, Defendants, the Releasees, the Releasors, or their counsel, in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of

any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

23. As provided in the Stipulation, prior to the Effective Date of the Settlement, Co-Lead Counsel may reimburse the Claims Administrator up to $200,000 for the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund without further order of the Court.

24. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Plaintiffs or Defendants elect to terminate the Settlement as provided in Paragraphs 30 or 31 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order certifying the Settlement Class, the Class Representatives and Class Counsel for the purpose of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed on September 16, 2013.

25. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____, 2014.

_____
Honorable Michael R. Barrett
United States District Judge