# EXHIBIT A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re CHEMED CORP. SECURITIES LITIGATION | No. 1:12-cv-00028-MRB |

**PROOF OF CLAIM AND RELEASE**

**I.     GENERAL INSTRUCTIONS**

1.     To recover as a member of the Settlement Class based on your claims in the action entitled *In re Chemed Corp. Securities Litig.*, No. 1:12-cv-00028-MRB (S.D. Ohio) (the "Action"), you must complete and, on page __ below, sign this Proof of Claim and Release.  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.     Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.     YOU MUST MAIL OR SUBMIT YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **NO LATER THAN _____, 2014 TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS**:

*Chemed Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA  94976-0990
www.chemedsecuritiessettlement.com

- 1 -

If you are NOT a member of the Settlement Class (as defined in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees, and Settlement Hearing (the "Notice")), DO NOT submit a Proof of Claim and Release.

4. If you are a member of the Settlement Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

**II.    CLAIMANT IDENTIFICATION**

1. If you purchased the capital stock of Chemed Corporation ("Chemed" or the "Company") during the period from February 15, 2010 through and including May 2, 2013, and held the capital stock in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Chemed capital stock that was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2. Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the capital stock which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE CHEMED CAPITAL STOCK UPON WHICH THIS CLAIM IS BASED.

3. All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner

may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4. If you are acting in a representative capacity on behalf of a Settlement Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence may include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

5. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-877-567-4781 to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

**III. CLAIM FORM & SUPPORTING DOCUMENTATION**

1. Use Part II of this form entitled "Schedule of Transactions in Chemed Capital Stock" to supply all required details of your transaction(s) in Chemed capital stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of Chemed capital stock during the period from February 15, 2010 through May 2, 2013, inclusive, regardless of whether or not such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the Chemed

- 3 -

capital stock you held at the close of trading on February 14, 2010, May 2, 2013, and July 31, 2013. Failure to report all such transactions may result in the rejection of your claim.

3. List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list. For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Chemed capital stock, and the date of a "short sale" is deemed to be the date of sale of Chemed capital stock.

4. For each transaction, you must provide, together with your Claim Form copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in Chemed capital stock. If any such documents are not in your possession, you must obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
*In re Chemed Corp. Securities Litigation*

No. 1:12-cv-00028-MRB
PROOF OF CLAIM AND RELEASE
Must Be Postmarked or Received No Later Than:
_____, 2014

Please Type or Print

**I:     CLAIMANT IDENTIFICATION**

_____
Beneficial Owner's Name (First, Middle, Last)


_____
Street Address


_____   _____
City                                State or Province


_____   _____
Zip Code or Postal Code             Country


                                    _____   Individual
_____   _____   Corporation/Other
Social Security Number or
Taxpayer Identification Number


_____   _____
Area Code       Telephone Number (work)


_____   _____
Area Code       Telephone Number (home)


_____
Record Owner's Name (if different from beneficial owner listed above)

- 5 -

**II:** **SCHEDULE OF TRANSACTIONS IN CHEMED CAPITAL STOCK**

    A.    Number of shares of Chemed capital stock held at the close of trading on February 14, 2010: _____.

    B.    Purchases of Chemed capital stock between February 15, 2010 and July 31, 2013, inclusive:

| Trade Date<br>Mo. Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

    C.    Sales of Chemed capital stock between February 15, 2010 and May 2, 2013, inclusive:

| Trade Date<br>Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

    D.    Sales of Chemed capital stock between May 2, 2013 and July 31, 2013, inclusive:

| Trade Date<br>Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

    E.    Number of shares of Chemed capital stock held at the close of trading on May 2, 2013: _____.

    F.    Number of shares of Chemed capital stock held at the close of trading on July 31, 2013: _____.

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page. **PLEASE NOTE: YOUR SIGNATURE ON PAGE \_\_\_ BELOW WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE DESCRIBED IN PART IV BELOW**.

**III.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement ("Stipulation") described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase of Chemed capital stock and know of no other person having done so on my (our) behalf.

**IV.     RELEASE**

1.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Settled Claims each and all of the Releasees as provided in the Stipulation.

2.     "Releasees" refers jointly and severally, individually and collectively to Individual Defendants, Chemed, and its past, present, and future direct and indirect parents, subsidiaries, divisions and affiliates, and their respective present and former officers, directors, employees, managers, agents, insurers, attorneys and legal representatives, and the predecessors, successors, heirs, executors, trustees, administrators and assigns of each of the foregoing. As used in this Paragraph, "affiliates" means entities controlling, controlled by or under common control with

Chemed.  The Releasees are express third-party beneficiaries of the Stipulation and Agreement of Settlement.

3. "Releasors" refers jointly and severally, individually and collectively, to Lead Plaintiffs and all Settlement Class Members, and their past, present and future direct and indirect parents, subsidiaries, divisions and affiliates, and their respective present and former officers, directors, employees, managers, agents, attorneys and legal representatives, and the predecessors, successors, heirs, executors, trustees, administrators and assigns of each of the foregoing.  As used in this Paragraph, "affiliates" means entities controlling, controlled by or under common control with Releasors.

4. "Settled Claims" means any and all claims (including any claim that this Stipulation was fraudulently induced), debts, demands, rights, actions, suits, causes of action or liabilities whatsoever (including, but not limited to, any and all claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory, or common law, or any other law, rule or regulation (whether foreign or domestic), whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by or on behalf of the Settlement Class Members or any of them against any of the Releasees (including without limitation all claims and allegations in the Complaint, the Amended Complaint and/or the Second Amended Complaint), or (ii) that could have been asserted in any forum by or on behalf of the Releasors now or in the future, or any of them, against any of the Releasees or Defendants' Counsel that relate to, or that in any way arise out of, or are based upon, the allegations, transactions, facts, matters or occurrences, acts, disclosures, statements, representations, omissions, or failures to act involved, set forth, or referred to in any of the complaints or proposed complaints filed in this Action, including but not limited to the Complaint, the Amended Complaint and/or the Second Amended Complaint, and that relate to the

purchase, acquisition, or sale of the capital stock of Chemed during the Class Period. For the avoidance of doubt, Settled Claims do not include: (i) claims to enforce the Settlement; (ii) *KBC Asset Management NV, et al. v. Kevin J. McNamara, et al.*, No. 13-cv-01854-UNA (D. Del.); (iii) *North, et al. v. Kevin J. McNamara, et al.*, No. 1:13-cv-00833-MRB (S.D. Ohio); and (iv) any governmental or regulatory agency's claims in, or any right to relief from, any criminal or civil action against any of the Releasees..

5. "Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Releasor does not know or suspect to exist in his, her or its favor at the time the release of the Releasees, and any Settled Defendants' Claims which any Defendant or Releasee does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Lead Plaintiffs and the Defendants shall expressly waive, and each Releasor and Releasee shall be deemed to have waived, and by operation of the Judgment or Alternative Judgment shall have expressly waived, any and all provisions, rights and benefits of conferred by any law of any state or territory of the United States, or principle of common law, which is similar comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Releasors may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but each of them hereby stipulates and agrees that the Lead Plaintiffs, and each Releasor shall be deemed to settle and release, and upon the Effective Date and by operation of the Judgment or Alternative

- 9 -

Judgment shall have settled and released, fully, finally, and forever, and all Settled Claims against Releasees, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or which heretofore existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent or intentional and with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Similarly, Defendants may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of Settled Defendants' Claims, but each of them hereby stipulates and agrees that Defendants, and Releasees shall be deemed upon the Effective Date and by operation of the Judgment or Alternative Judgment, to have fully, finally, and forever settled and released any and all Settled Defendants' Claims against Releasors, known or unknown, suspected or unsuspected contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs and Defendants acknowledge, and all other Releasors and Releasees by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

      6.     This release shall be of no force or effect unless and until the Court approves the Settlement Agreement and the Settlement becomes effective on the Effective Date.

- 11 -

7. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

8. I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Chemed capital stock from February 15, 2010 through July 31, 2013, inclusive, and the number of Chemed capital stock held by me (us) at the close of trading on February 14, 2010, May 2, 2013, and July 31, 2013.

9. I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____
(Month/Year)

in _____
(City)                                               (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your claim form for your records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send us your new address.