# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re CHEMED CORP. SECURITIES LITIGATION | No. 1:12-cv-00028-MRB |

**JUDGMENT**

On the ___ day of _____, 2014, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated February 6, 2014, (the "Stipulation") are fair, reasonable, and adequate for the settlement of claims asserted by the Settlement Class against the Defendants in the Action, and in the Second Amended Complaint, dated February 6, 2014 (the "Complaint"), now pending in this Court under the above caption, and should be approved; (2) whether judgment should be entered dismissing the Complaint and all Settled Claims against Defendants and the Releasees, on the merits and with prejudice in favor of the Defendants and Releasees and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class; and (4) whether and in what amount to award Co-Lead Counsel fees and expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, as shown by the records of Chemed's transfer agent and others, at the respective addresses set forth in such records, who purchased the capital stock of Chemed

Corporation ("Chemed") during the period February 15, 2010 through May 2, 2013, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Settlement Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over the *Business Wire* pursuant to the specifications of the Court; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Settlement Class Members and Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (i) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the claims of the proposed Class Representatives are typical of the claims of the Settlement Class they seek to represent; (iv) the proposed Class Representatives and Class Counsel have and will adequately represent the interests of the Settlement Class; (v) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action on behalf of all persons or entities that purchased or otherwise acquired the capital stock of Chemed during the Class Period, February 15, 2010 through May 2, 2013, inclusive, and who were damaged thereby (the "Settlement Class").

Excluded from the Settlement Class are: (i) Defendants; (ii) the officers and directors of Chemed, at any point during the Class Period; (iii) members of the immediate family of each of the Individual Defendants and the officers and directors of Chemed, at any point during the Class Period; (iv) any entity in which Defendants have or had a controlling interest; and (v) the legal representatives, heirs, predecessors, successors or assigns of any such excluded party. [Also excluded from the Settlement Class are the persons and/or entities who timely and validly requested exclusion from the Settlement Class as listed on Exhibit 1 annexed hereto OR No valid requests for exclusion from the Settlement Class were received.]

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiffs Electrical Workers Pension Fund, Local 103, I.B.E.W., and Greater Pennsylvania Carpenters Pension Fund as Class Representatives and Co-Lead Counsel Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP are certified as Class Counsel.

5. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. Class Counsel has filed with the Court proof of mailing of the Notice and Proof of Claim and proof of publication of the Publication Notice.

6. The Settlement is approved as fair, reasonable, and adequate, and the Settlement Class Members and the Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

8. Upon the Effective Date of the Settlement, Lead Plaintiffs and all the other members of the Settlement Class, on behalf of themselves, and jointly and severally, individually and collectively, their past, present and future direct and indirect parents, subsidiaries, divisions and affiliates, and their respective present and former officers, directors, employees, managers, agents, attorneys and legal representatives, and the predecessors, successors, heirs, executors, trustees, administrators and assigns of each of the foregoing (the "Releasors"[1]) have released and discharged, and are hereby permanently barred and enjoined from initiating, continuing, filing, or otherwise prosecuting any and all claims (including any claim that the Stipulation was fraudulently induced), debts, demands, rights, actions, suits, causes of action or liabilities whatsoever (including, but not limited to, any and all claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory, or common law, or any other law, rule or regulation (whether foreign or domestic), whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by or on behalf of the Settlement Class Members or any of them against any of the Releasees (including without limitation all claims and allegations in the Complaint, the Amended Complaint and/or the

---

[1] As used with respect to Releasors, "affiliates" means entities controlling, controlled by or under common control with Releasors.

4

Second Amended Complaint), or (ii) that could have been asserted in any forum by or on behalf of the Releasors now or in the future, or any of them, against any of the Releasees or Defendants' Counsel that relate to, or that in any way arise out of, or are based upon, the allegations, transactions, facts, matters or occurrences, acts, disclosures, statements, representations, omissions, or failures to act involved, set forth, or referred to in any of the complaints or proposed complaints filed in this Action, including but not limited to the Complaint, the Amended Complaint and/or the Second Amended Complaint, and that relate to the purchase, acquisition, or sale of the capital stock of Chemed during the Class Period (the "Settled Claims")[2] against, jointly and severally, individually and collectively, the Individual Defendants, Chemed, and its past, present, and future direct and indirect parents, subsidiaries, divisions and affiliates, and their respective present and former officers, directors, employees, managers, agents, insurers, attorneys and legal representatives, and the predecessors, successors, heirs, executors, trustees, administrators and assigns of each of the foregoing (the "Releasees"[3]). Upon the Effective Date, the Settled Claims of all the Releasors are compromised, settled, released, discharged, and dismissed as against the Releasees on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

9. Pursuant to the PSLRA, upon the Effective Date of the Settlement, the Releasees are discharged from all claims for contribution by any person or entity, whether arising under

---

[2] Settled Claims do not include: (i) claims to enforce the Settlement; (ii) *KBC Asset Management NV, et al. v. Kevin J. McNamara, et al.*, No. 13-cv-01854-UNA (D. Del.); (iii) *North, et al. v. Kevin J. McNamara, et al.*, No. 1:13-cv-00833-MRB (S.D. Ohio); and (iv) any governmental or regulatory agency's claims in, or any right to relief from, any criminal or civil action against any of the Releasees.

[3] As used with respect to Releasees, "affiliates" means entities controlling, controlled by or under common control with Chemed.

5

state, federal or common law, based upon, arising out of, relating to, or in connection with the Settled Claims of the Settlement Class or any Releasor.  Accordingly, to the full extent provided by the PSLRA, upon the Effective Date of the Settlement, the Court bars all claims for contribution:  (i) against the Releasees; and (ii) by the Releasees against any person or entity other than any person or entity whose liability to the Settlement Class has been extinguished pursuant to the Stipulation and this Judgment.  Any final verdict or judgment obtained by or on behalf of Lead Plaintiffs, the Settlement Class or any Settlement Class Member shall be reduced as provided by the PSLRA.

      10.      Upon the Effective Date of the Settlement, Defendants and the other Releasees, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors and assigns of any of them, and all persons acting in concert with any such person, waive, release, forever discharge and dismiss, with prejudice, and agree not to institute, maintain or prosecute any and all claims (including any claim that this Stipulation was fraudulently induced), rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation (whether foreign or domestic), including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by Releasees or their successors and assigns of any of them against any of the Lead Plaintiffs, Releasors or Plaintiffs' Counsel, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Settled Defendants' Claims") against the Releasors.  Upon the Effective Date of the Settlement, the Settled Defendants' Claims of all the Releasees are hereby compromised, settled, released, discharged and dismissed as against the Releasors on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

11. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

12. This Judgment, the Stipulation, any of its terms and provisions, any of the negotiations or proceedings connected with it, or any of the documents of statements referred to therein:

 (a) shall not be offered or received against any Defendant or Releasee as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any Defendant or Releasee with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of any Defendant or Releasee;

 (b) shall not be offered or received against any Defendant or Releasee as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant or Releasee;

 (c) shall not be offered or received against any Defendant or Releasee as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any Defendant or Releasee, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the

7

Settling Parties may refer to it to effectuate the liability protection granted them hereunder;

(d) shall not be construed against any Defendant or Releasee as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial; and

(e) shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Releasors that any of their claims are without merit, or that any defenses asserted by any Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or the Settlement Fund.

13. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. A separate order shall be entered regarding Co-Lead Counsel's application for attorneys' fees and expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

16. Exclusive jurisdiction is hereby retained over the Settling Parties and the Settlement Class Members for all matters relating to this Action, including the administration,

8

interpretation, effectuation or enforcement of the Stipulation and this Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

17. The Settling Parties are hereby directed to consummate the Stipulation and to perform its terms.

18. Without further Order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated: _____, 2014.

                                                _____
Honorable Michael R. Barrett
United States District Judge

9